IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WIP SERENDIPITY LLP, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-3673-P-BH |
| ) | |
| AMBER VANDER ) | |
| *and all occupants*, ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *in forma pauperis* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be *sua sponte* **REMANDED** to the state court for lack of subject matter jurisdiction.

**I. BACKGROUND**

On October 2, 2014, WIP Serendipity LLP (Plaintiff) filed a complaint for forcible detainer against Amber Vander (Defendant) and the occupants of 8784 Park Lane #2038, Dallas, Texas, 75231 (the Property) in the Justice of the Peace Court, Precinct 3, Place 2, of Dallas County, Texas. (*See* doc. 2 at 6.)[1] One day prior to the scheduled trial date of October 15, 2014, Defendant filed a notice of removal of the action to the United States District Court for the Northern District of Texas on grounds of federal question jurisdiction. (*See id.* at 1-3, 7.) She alleges that federal question jurisdiction exists because she is a member of a protected class, and Plaintiff violated her civil rights by talking to her in a "prejudice[d]" manner. (doc. 3 at 2-3, 5.)

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] Citations refer to the cm/ecf system page number at the top of each page.

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a

well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

**A.      Notice of Removal**

In her notice of removal, Defendant alleges that federal question jurisdiction exists because Plaintiff violated her civil rights. (doc. 3 at 2-3, 5.)

It is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002). "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Fed. Nat. Mortg. Ass'n*, 2010 WL 4627833, at *3 (holding that even if a federal statute "supplied a federal defense" for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because [the] *Plaintiff's pleadings* must raise the federal claim or issue") (emphasis in original). An action for forcible detainer and writ of possession arises solely under state law and does not provide a basis for federal jurisdiction. *See Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *4 (N.D. Tex. Nov. 16, 2010) (holding that a forcible detainer action to evict residents and obtain physical possession of property under Tex. Prop. Code § 24.004 does not raise a federal claim or

provide basis for federal question jurisdiction). Defendant has not shown that her civil rights claim was raised in Plaintiff's forcible detainer petition. Her claim in the notice of removal therefore cannot provide the basis for federal question jurisdiction

**B.    New Claims**

To the extent that Defendant's notice of removal seeks to assert a defense or counterclaim to Plaintiff's forcible detainer action that arises under federal law, any defense or counterclaim still cannot be considered in determining whether federal question jurisdiction exists over this removed case. *See Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction").

Defendant has not shown that Plaintiff's forcible detainer action or petition for a writ of possession presented a federally-created cause of action, or that its right to relief depended on the resolution of a substantial question of federal law. Accordingly, she has not met her burden to show that federal question jurisdiction exists over this removed action.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the Justice of the Peace Court, Precinct 3, Place 2, of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 15th day of October, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                           IRMA CARRILLO RAMIREZ
                                                                           UNITED STATES MAGISTRATE JUDGE